PARSONS *v.* PARSONS.

DIVORCE—DIVISION OF PROPERTY MODIFIED.

> Decree of divorce awarding to wife household furniture and $3,000 equity in home owned by entireties, which is practically all of husband's property, is modified, on appeal, and home ordered sold and proceeds divided equally between them after expenses, taxes, and interest on mortgage are paid; wife to have household goods, and husband released from temporary alimony.

Appeal from Kent; Perkins (Willis B.), J. Submitted January 13, 1931. (Docket No. 113, Calendar No. 35,327.) Decided February 27, 1931.

Bill for divorce by Irene M. Parsons against Charles H. Parsons. Decree for plaintiff. Defendant appeals from portion of decree involving division of property. Modified and affirmed.

*Horace T. Barnaby,* for plaintiff.

*McAllister & McAllister,* for defendant.

WIEST, J. This is an appeal by defendant from that part of a decree of divorce awarding plaintiff the household furniture and the equity of the parties in their home, the title to which is held by the entirety.

The award strips defendant of all property. The parties were married in March, 1923. There are no children. Plaintiff is 32 and defendant is 37 years of age. Plaintiff is a "general merchandiser," has followed that calling for some time, and earns from

$15 to $30 per week. Defendant is a bricklayer and interested with his father in cement work and contracting. For the year preceding the hearing, except for three weeks, defendant was without work. The partnership, of which he is a member, is engaged in litigation, having 15 lawsuits pending, and, if all are won, there will be nothing for the partners. Plaintiff rents the home, reserving a room for herself, which she occupies when not out of the city selling goods. The household furniture cost upward of $1,500, but, of course, has now no such sale value. The equity in the home was mainly a gift from defendant's father, and is of the value of about $3,000 above taxes due and interest unpaid. Defendant owes $205 temporary alimony. These parties have not much property, but, under the circumstances, it ought not all to be given plaintiff. The decree of divorce is affirmed, and the award of alimony and dower rights modified as follows:

The real estate to be sold and the proceeds, less expenses of sale, taxes unpaid, and interest due on the mortgage, to be divided equally between the parties.

Plaintiff to have all of the household furniture, but, in consideration thereof, defendant is released from paying the temporary alimony.

Neither party will recover costs.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.