ALEXANDER v. ALEXANDER.

DIVORCE—DIVISION OF PROPERTY MODIFIED.
Decree of divorce to wife awarding her all the property owned by the parties is modified, on appeal, and remanded to court below to determine if equity in home has been saved so that it may be sold, and, after payment of expenses, balance equally divided between them.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted April 16, 1931. (Docket No. 121, Calendar No. 35,344.) Decided June 1, 1931.

Bill for divorce by Elizabeth Stewart Alexander against Hugh Thomson Alexander. Cross-bill by defendant. Decree for plaintiff. Defendant appeals. Modified and affirmed, and remanded.

*Frederick G. Beattie (Walter M. Nelson,* of counsel), for plaintiff.

*Raymond J. Kelly,* for defendant.

WIEST, J. This is an appeal by defendant from a decree granting his wife a divorce, awarding her the custody of their 11-year old daughter, requiring him to pay $8 per week for the support of the daughter, and giving the wife all of their household furniture and the equity of about $3,500 in their home. This left defendant stripped of all property.

The evidence was of the usual sordid character where mutual regard and forbearance have ceased to function. The circuit judge found defendant guilty of extreme and repeated cruelty, and the evidence supported the finding. The parties were married in June, 1915. The mortgage on their home called for $3,100, and interest and taxes to the amount of $514.34 were unpaid. The mortgage was foreclosed in September, 1929, with right to redeem up to January 31, 1931. The case was heard in the circuit in June, 1930, decree entered the same month, and the case on appeal, containing but 37 pages of printed testimony, was settled by the trial judge in September, 1930.

This case should have been brought to hearing at the January term of this court and disposition sought before expiration of the period of redemption. We disapprove of that part of the decree giving the whole equity in the home to plaintiff, but, upon this record and because of delay in prosecuting review, *if* the equity of redemption has expired, we cannot order the property sold subject to the mortgage and the avails from the equity divided as was done in *Parsons* v. *Parsons,* 253 Mich. 288.

At the hearing in the circuit, counsel for plaintiff stated that: "Plaintiff is able to refinance the mort-gage. I make no qualification on that statement at all." And in the brief, filed here January 7, 1931, state: "Mrs. Alexander has made arrangements to refinance the property."

*If* the mortgage has been "refinanced," and the equity saved, the property should now be sold subject to the mortgage, and, from the avails, the expense of refinancing and cost of sale should be paid, and the remainder divided equally between the parties.

The case is remanded to the circuit court to take proofs on this subject and certify the same to this court for consideration in settling decree herein. In all other respects the decree is affirmed, without costs to either party.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.